IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                        CIV 04-1347 BB/KBM
                                            CR 03-0488 BB
STACY E. CASTILLO,

        Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        Defendant Stacy Castillo was indicted for one count of bank robbery. He pleaded guilty pursuant to a written agreement. In that agreement, the United States agreed to recommend the lower end of the Guideline range and to not bring additional charges against him. *See United States v. Castillo,* CR 03-488 BB (*Doc. 9*; *Doc*. *38* at ¶¶ 7.b., 10.a.).

        The subsequent presentence report assessed an offense level of nineteen and a criminal history category of VI, for a Guideline range of 63-78 months. *See e.g.* (*Doc. 42*); *see also Transcript of Sentencing 12/30/03* [hereinafter "*Sentencing*"] at 4. During sentencing, counsel stated that the defense had no challenges to the factual statements of the presentence report and that "Mr. Castillo doesn't wish to address you today and wants me to sum up that, again, he thought the presentence report accurately reflected the guidelines and his life history." *Sentencing* at 3. District Judge Bruce Black sentenced Defendant to sixty-three months. *Id.* at 4.

        This matter is before me on Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By Person In Federal Custody [hereinafter "*§ 2255 Petition*"]. *Doc. 1*. Castillo claims that his attorney was ineffective in failing to "stand up" for him regarding

"inenhanced (sic) my charge of robbery with misdemeanor priors." *Id.* at 5. He further claims that his attorney was ineffective in failing to file a notice of appeal. *Id.* at 4-5.

Having considered the pleadings, arguments, and relevant law, I find the motion is not well-taken and recommend that it be denied. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that movant is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

Defendant's "improper enhancement" claim is not well-articulated. However, having reviewed the presentence report, I understand why Defendant may believe that "misdemeanor priors" were improperly included in the calculation of his criminal history score. The United States asserts that this claim is waived for federal habeas purposes because of counsel's statement that the defense did not factually challenge the presentence report. I disagree with this conclusion,[1] but agree that the claim has no merit.

---

[1] The case the United States cites holds that "[f]ailure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact. . . . Therefore, this issue was not properly preserved for [direct] appeal." *United States v. Deninno,* 29 F.3d 572, 580 (10th Cir. 1994), *cert. denied,* 513 U.S. 1158 (1995). The matter before me, however, is a habeas proceeding where Defendant neither waived direct appeal nor collateral review in the plea agreement. Furthermore, issues waived on direct appeal under *Deninno,* can nonetheless be brought in federal habeas as ineffective assistance of counsel claims. *E.g., United States v. Cortez,* 31 Fed. Appx. 611, 619 n.10 (10th Cir. 2002) ("we dismiss Mr. Cortez's appellate claim regarding the representation of Mr. Stevers, noting, however, that Mr. Cortez's waiver of appeal does not prevent him from asserting ineffective assistance claims against Mr. Stevers in a subsequent collateral proceeding under 28 U.S.C. § 2255," citing *United States v. Cockerham,* 237 F.3d 1179, 1184 (10th Cir. 2001), *cert. denied,* 534 U.S. 1085 (2002), for the proposition that "waiver of appeal in plea agreement does not extend to collateral proceedings under 28 U.S.C. § 2255 unless the agreement expressly extends the waiver to such proceedings"); *United States v. Sanchez-Llamas,* 62 Fed. Appx. 259 (10th Cir.) (issue or minor or minimal participant waived on direct review because not preserved by objection to presentence report or at hearing, but alternative ineffective assistance of counsel claim based on same argument dismissed without prejudice to pursue in collateral proceedings), *cert. denied,* 539 U.S.

Defendant has an extensive criminal history, with no less than thirty-eight convictions and arrests from age twenty-two to forty-two.  A number of his convictions are for petty larceny or shoplifting, some of which were given one point and others given zero.  Nevertheless, not all of these assessed points were counted, and the presentence report calculated a total of fourteen points toward the criminal history category.  That is precisely the same calculation I reached after I eliminated points that were assessed on the report, but should not have been counted under the Guidelines.  Accordingly, Defendant can neither show that his attorney's conduct was unreasonable nor that he was prejudiced under *Strickland v. Washington,* 466 U.S. 668 (1984), and this claim fails on the merits.

Defendant's "failure to file a notice of appeal" claim likewise fails on the merits.  The United States filed an affidavit from Defendant's attorney and a letter the attorney sent to Defendant.  The affidavit provides in relevant part:

> 3.  I specifically discussed Mr. Castillo's right to file a notice of appeal in his case with him.  I informed Mr. Castillo in our discussion of his appellate rights that I could find absolutely no basis for an appeal.  During that same conversation I explained to him how the appellate system works and what a notice of appeal meant.  At the conclusion of our conversation, Mr. Castillo appeared to accept my legal advice and I finished the conversation with the firm belief that Mr. Castillo was not seeking an appeal in his case nor was he directing me to file one.  At no time in our conversation did Mr. Castillo ever relate to me that in spite of the advice I had given him, he still wanted me to file a notice of appeal on his behalf.
>
> 4.  I remember the issue of filing a notice of appeal in Mr. Castillo's case because he left me a telephone message that I received on January 5, 2004 in which he inquired about filing an appeal in his case.  He had been sentenced on December 30, 2003.

---

908 (2003).

> I composed and sent him a letter on January 5, 2004 which explained what his appellate rights were and informed him that if he wished to discuss the matter further with me to call me as soon as he could.  In that letter I explained what his appellate rights were and gave him my opinion that there was no valid basis for an appeal in his case.  I also informed him in the letter that ***if I did not hear*** from him prior to the time that his notice of appeal was due with the court that ***I would in fact file a notice of appeal*** on his behalf.  ***This is why I distinctly remember having a conversation with Mr. Castillo later that same week*** (the week of January 5, 2004) in which we discussed the matter further and I reiterated my legal advice to him.  In that conversation ***he indicated that he accepted my advice and that he was not requesting me to file a notice of appeal.***
>
> 5.  Had Mr. Castillo informed me that in spite of my advice that there were not valid grounds for an appeal in his case that he indeed wished to proceed with an appeal, I would have filed an notice of appeal on his behalf.

*Doc. 7,* Exh. 1 (emphasis added).

The letter counsel wrote provides in part:

> In looking back at your case I can find nothing about your guilty plea nor your sentence which would form the basis of an appeal.  ***It is your choice whether an appeal is filed, and if you so request I will file a notice of appeal.  If I have not heard from you by the time that a notice of appeal is required to be filed, I will file one.***  However, once a notice of appeal has been filed I still must argue something to the Tenth Circuit Court of Appeals that constitutes a valid ground for such appeal.  This is not like buying a lottery ticket where the mere fact that you purchased a ticket may qualify you for a prize.  I would appreciate it if you would contact me soon so we can discuss this matter more fully.

*Id.* (emphasis added).

Defendant's version of the facts is entirely consistent with counsel's.  Defendant states that:

> My lawyer adviced (sic) on two different times that I shouldn't

4

>appeal my case because he said there was nothing that they could do. ***I did want to appeal my case at the time, but I went with the advice*** and now I know different and I would like to appeal it.

*Doc. 1* at 4 (emphasis added); *see also id.* at 5 ("I asked my attroney (sic) twice that I wanted to appeal my case with in ten days, when I spoke to him on the phone and he told me it wasn't a good idea.").

The dispositive facts surrounding the second claim are not in dispute. Counsel consulted with his client concerning filing a notice of appeal, stood ready to perfect the appeal despite the lack of grounds therefore, but Defendant decided not to appeal. In other words, this is not a situation where an attorney either failed to consult with his client about an appeal or disregarded specific instructions to perfect one. Rather, this attorney consulted with his client and followed his client's wishes by not filing the notice of appeal. Under those circumstances counsel in not ineffective under *Roe v. Flores-Ortega,* 528 U.S. 470 (2000) or *United States v. Snitz,* 342 F.3d 1154 (10th Cir. 2003).

Wherefore,

**IT IS HEREBY RECOMMENDED** that Castillo's § 2255 petition be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE